USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/02/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
               :
PC-PALLADIO, LLC,            :
               :
           Plaintiff-Judgment Creditor,  :    13 Mc. 234 (JMF)
               :
     -v-           :    MEMORANDUM OPINION
               :          AND ORDER
CRAIG NASSI,           :
               :
           Defendant-Judgment Debtor.  :
               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On February 14, 2014, the Court issued an Opinion and Order holding, *inter alia*, that Bijan Nassi and 224 Centre Realty LLC ("224 Centre") were to turn over $480,521 to Judgment Creditor in partial satisfaction of a judgment entered in favor of Judgment Creditor PC-Palladio, LLC against Judgment Debtor Craig Nassi. (Docket No. 126 ("Turnover Decision"), at 18 ¶ 7). On March 3, 2014, Bijan Nassi and 224 Centre (together, the "Bijan Nassi Parties") filed a motion for reconsideration of that part of the Court's Opinion and Order, pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Docket No. 147). For the reasons that follow, the motion for reconsideration is GRANTED, and the portion of the Court's Opinion and Order that ordered the Bijan Nassi Parties to "turn over to Judgment Creditor the $480,521 that remained in Judgment Debtor's capital account" is vacated. (Turnover Decision, at 18 ¶ 7).

      It is well established that "[t]he decision to grant or deny a motion for reconsideration . . . is in the sound discretion of a district court judge." *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (internal quotation marks omitted). The rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08 Cr. 366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).  Nevertheless, reconsideration may be granted where the moving party points to matters that "might reasonably be expected to alter the conclusion reached by the [C]ourt."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Luo v. Baldwin Union Free Sch. Dist.*, No. 12 Civ. 3073 (JS), 2014 WL 595813, at *2 (E.D.N.Y. Feb. 12, 2014) ("A motion for reconsideration is appropriate when the moving party believes the Court overlooked important matters or controlling decisions that would have influenced the prior decision." (internal quotation marks omitted)).

In this case, reconsideration is warranted because the Court misapprehended the nature of the account from which it ordered the funds to be paid.  The Court ordered the Bijan Nassi Parties to pay $480,521 to Judgment Creditor based on an understanding that the money was being held in something equivalent to a personal account of Judgment Debtor's.  As the Bijan Nassi Parties have pointed out (Bijan Nassi & 224 Centre Realty's Mem. of Law (Docket No. 148) ("Bijan Nassi Mem."), at 5-8), and as Judgment Creditor implicitly acknowledges (Mem. Law Opp'n Mot. for Reconsideration (Docket No. 159) ("Judgment Creditor Mem."), at 13), however, the $480,521 was merely a measure of Judgment Debtor's equity in 224 Centre as of December 31, 2012.  The Court's *sua sponte* finding that money "remained" to be turned over was therefore in error.  (Turnover Decision, at 14).[1]  Further, requiring the Bijan Nassi Parties to

---

[1]     In fairness, the Court's error was in part a result of the fact that the parties' briefing was primarily focused on the occurrence and propriety of the transfer of Judgment Debtor's interest in 224 Centre, including the capital account, to Bijan Nassi — not on the nature of the capital account *per se*.  (*See* Bijan Nassi's Mem. of Law Opp'n Mot. Requiring Turnover (Docket No. 100), at 10-12; Reply Mem. of Law Supp. Mot. for Turnover (Docket No. 107) ("Turnover Reply"), at 6-7).  The $480,521 in Judgment Debtor's 224 Centre capital account was not specifically raised until Judgment Creditor filed its reply memorandum to the Turnover Motion,

turn over assets of 224 Centre would be a violation of New York's Limited Liability Company Law, which prohibits the creditor of a limited liability company's member from "exercis[ing] legal or equitable remedies with respect to[] the property of the limited liability company." N.Y. Ltd. Liab. Co. Law § 607(b); *see also SCR Joint Venture, L.P. v. 309 Realty, LLC*, No. 101580/08, 2008 N.Y. Misc. LEXIS 9080, at *7 (N.Y. Sup. Ct. Aug. 12, 2008) ("The assets of an LLC cannot be levied upon by the creditor of one of its members.").

The basis for the Court's Turnover Decision was not, as Judgment Creditor contends, a finding that "the [$480,521] represented *proceeds* derived from the balance that remained in Craig's capital account as of December 31, 2012 and transferred to Bijan Nassi personally." (Judgment Creditor Mem., at 2). The Court did not find that any such funds were transferred to Bijan Nassi; to the contrary, the Court expressly rejected Bijan Nassi's contention that Judgment Debtor "agreed to transfer the balance of this capital account [to Bijan Nassi] in mid-May 2013 when [Judgment Debtor] agreed to terminate his membership interest." (Bijan Nassi Decl. (Docket No. 99) ¶ 31; Turnover Decision, at 14). Further, the Court declined to rule on Judgment Creditor's entitlement to proceeds from the asset dispositions of 242 Fifth Realty LLC and West 176 Street Realty LLC because Bijan Nassi had pointed to evidence suggesting that he set off those proceeds against debts that Judgment Debtor owed to him previously. (Turnover Decision, at 15). To the extent that Judgment Creditor argued in the Turnover Motion that the basis for its entitlement to the $480,521 was that Bijan Nassi "improperly helped himself to the rental income attributable to Craig" (Judgment Creditor Mem., at 14) (an argument it did not present clearly, if at all (*see* Turnover Reply, at 6-7)), the Court rejects the argument at this stage for the same reasons that it declined to award Judgment Creditor the proceeds from the other

---

precluding the Bijan Nassi Parties from responding to it.  (*See* Turnover Reply, at 7).  In any event, none of that changes the fact that the Court misapprehended the nature of the account.

3

entities' asset dispositions — namely, that genuine disputes of material fact preclude the Court from ruling on the validity of the alleged setoffs (*see* Turnover Decision, at 16).[2]

For the foregoing reasons, the Bijan Nassi Parties' motion for reconsideration is GRANTED, and the portion of the Court's February 14, 2014 Opinion and Order that orders Bijan Nassi and 224 Centre to "turn over to Judgment Creditor the $480,521 that remained in Judgment Debtor's capital account" (Turnover Decision, at 18 ¶ 7) is vacated. The Clerk of Court is directed to terminate Docket No. 147.

The parties are reminded that their Joint Pretrial Order and related pretrial filings remain due by **April 18, 2014**. To the extent that Judgment Creditor still seeks turnover of proceeds derived from 224 Centre and transferred to Bijan Nassi personally, it may seek such relief at trial, and it shall include a corresponding request to charge with its pretrial filings. Any legal arguments regarding the propriety of such a turnover shall be addressed in the parties' pretrial memoranda of law.

SO ORDERED.

Dated: April 1, 2014
       New York, New York

JESSE M. FURMAN
United States District Judge

---

[2] In the alternative, Judgment Creditor argues that, at a minimum, the $232,767 it initially sought on the Turnover Motion — an amount of rental income it alleges Bijan Nassi wrongfully withheld from Judgment Debtor — should not be reconsidered. (*See* Judgment Creditor Mem., at 17; Mem. of Law Supp. Mot. for Turnover (Docket No. 67) at 6, 9). As the Court has explained, however, it made no findings in its Turnover Decision as to whether Bijan Nassi withheld rental income from Judgment Debtor, or whether he was entitled to do so. Accordingly, Judgment Creditor will not be awarded this $232,767, although it may seek any allegedly withheld rental income at trial.